UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RONNIE WARD, ET AL.                    CIVIL ACTION NO. 3:21-cv-01629

VERSUS                                 JUDGE TERRY A. DOUGHTY

CROSS KEYS BANK, ET AL.                MAG. JUDGE KAYLA D. MCCLUSKY

## RULING

Before the Court is Appellants Ronnie Ward and Sharon Ward's Motion for Rehearing [Doc. No. 20] pursuant to Federal Rule of Bankruptcy Procedure 8022 of this Court's Ruling and Judgment [Doc. Nos 18, 19], affirming the judgment of the Bankruptcy Court entered June 7, 2021.  For the reasons that follow, the Motion is DENIED.

I.      BACKGROUND

The primary issue in this bankruptcy appeal is whether the Bankruptcy Court had subject matter jurisdiction over a First Adversary.

Appellant Ronnie Ward was a principal in several automobile-related businesses that had substantial loans from Cross Keys Bank ("Cross Keys"), including Karcredit, LLC ("Karcredit"), in which he owned a 75% interest. On May 22, 2019, Cross Keys filed a Petition in the Fourth Judicial District Court, Ouachita Parish, Louisiana, No. 19-1665 (the "State Court Action"), against Karcredit and Appellants Ronnie Ward and Sharon Ward. Cross Keys sought judgment against the defendants, in solido, for amounts allegedly due under a promissory note executed by Karcredit in the principal amount of $3,197,829.42.  Cross Keys alleged that the Wards personally guaranteed the amounts due under the note pursuant to written guaranty agreements that each of them signed.

Over the next year, various responsive pleadings, amended pleadings, re-conventional demands, interventions, and third-party demands were filed in the State Court Action.

On July 17, 2020, Cross Keys filed an Involuntary Petition Against a Non-Individual with the Bankruptcy Court, Case No. 20-30681, against Karcredit. Cross Keys asserted its claim in the Involuntary Petition, that under the Note, Karcredit owed it at least $2,738,031.63 in principal plus accrued but unpaid interest, plus prepetition attorneys' fees, expenses, and other amounts allowed by the Note or any other loan documents.

Later that same day, Cross Keys filed a Notice of Removal in the United States District Court for the Western District of Louisiana ("District Court") to remove the pending State Court Action, No. 19-1665 (which became the "First Adversary"), based on its relation to the Bankruptcy Case.

From that point forward, the issue of "related to" subject matter jurisdiction has been extensively litigated in the Bankruptcy Court, and in the appeal to this Court.  Appellants argue that the Bankruptcy Court does not have subject matter jurisdiction over Cross Keys' claims against them in the First Adversary.  They contend that Cross Keys initiated the proceedings in Bankruptcy Court in bad faith by filing a petition to liquidate an already liquidated debtor.

Cross Keys, on the other hand, submits that subject matter jurisdiction does exist, in part because of allegations that within the year prior to the filing of the Bankruptcy Case, Appellant Ronnie Ward misappropriated and/or diverted funds or caused funds to be misappropriated or diverted from Karcredit and Cross Keys, in an amount totaling at least $142,763.92.

After considering the thoroughly briefed arguments of the parties, this Court denied the appeal.  This Court concluded that the Bankruptcy Court had subject matter jurisdiction of the First Adversary, that Appellants failed to establish that Cross Keys filed the bankruptcy in bad faith to

obtain an advantage in litigation, and that the Bankruptcy Court was correct in finding that Appellants consented to the Bankruptcy Court's entry of a final judgment on Cross Keys' claims against them in the First Adversary [Doc. Nos. 18, 19].

## II.  ANALYSIS

Federal Rule of Bankruptcy Procedure 8022(a)(1) allows a party to a bankruptcy appeal to file a motion for rehearing within fourteen days of the district court's order. With respect to content, Rule 8022(a)(2) provides that a motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court ... has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. Proc. 8022(a)(2). Although Rule 8022 does not provide a standard for determining whether rehearing is appropriate, the Fifth Circuit, in an unpublished opinion, has recognized that "such a motion may be granted to correct a 'mistaken use of facts or law' in the prior decision." *In re Mar. Commun./Land Mobile, L.L.C.*, 745 F. App'x 561, 562 (5th Cir. 2018) (per curiam) (internal citations omitted); *see also In re Coleman*, No. 15-569, 2015 WL 7101129, at *1 (E.D. La. Nov. 13, 2015) ("The Court is of the opinion that the standard is simply whether the Court would have reached a different result had it been aware of its mistaken use of facts or law.").

Here, Appellants have failed to identify a mistake of law or fact and, instead, simply rehash prior arguments. They once again argue that the Bankruptcy Court had no subject matter jurisdiction, that the bankruptcy was filed in bad faith, and that they did not consent to the entry of a judgment by the Bankruptcy Court. The Court has previously considered all of the arguments they are making in their Motion for Rehearing and has rejected them. Although Appellants disagree with the Court's determination in this case, the Court finds no reason to grant a rehearing.

### III. CONCLUSION

For these reasons, Appellants' Motion for Rehearing [Doc. No. 20] is DENIED.

Monroe, Louisiana, this 22nd day of September, 2021.


**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**